IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERON MCBRIDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00910 |
| ) | Judge Crenshaw/Frensley, Jr. |
| THE VANDERBILT UNIVERSITY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This fee-paid, pro se action filed under the Americans with Disabilities Act is before the court on defendant's motion to dismiss for insufficient process and insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and (5), or alternatively, for failure to state a claim pursuant to Rule 12(b)(6). Docket No. 19. The motion is fully briefed and ready for disposition. The undersigned recommends defendant's motion to dismiss be granted and the claims against defendant be dismissed without prejudice.

### I. BACKGROUND

Plaintiff filed his pro se form complaint for employment discrimination against The Vanderbilt University ("Vanderbilt") on July 26, 2024, alleging the following. Docket No. 1. Vanderbilt terminated his employment and failed to accommodate his disability. Id. He alleges "[m]y medical provider requested and I was approved for restrictions due to my current disability, however in November 2023, my medical provider requested for my work restrictions to be extended for another six months. I was informed that work restrictions would no longer be accommodated, and I was terminated." Docket No. 1, p. 5. He seeks reinstatement and damages.

Id. at p. 6.

Vanderbilt moved to dismiss for insufficient process and insufficient service of process under Federal Rules 12(b)(4) and (5), or for an order giving Plaintiff additional time to complete service of process. Docket No. 9. By order dated June 6, 2025, the court denied the motion and granted Plaintiff an extension of time, to July 15, 2025, to effect service. The court warned that failure to properly effect service would result in the undersigned recommending that the complaint be dismissed for failure to serve and that no further extensions would be granted. Doc. No. 16.

Vanderbilt then filed the instant renewed motion to dismiss. Docket No. 19. Vanderbilt argues that like his initial two attempts at service, Plaintiff's July 8 and July 22, 2025, "proof of service" attempts fail to provide a return receipt signed by an authorized agent for Vanderbilt. Docket Nos. 17-18. It argues that because a return receipt signed by a Vanderbilt agent is required for service by mail to be effective, Plaintiff has failed to serve it by the July 15, 2025, deadline set out in the court's order. Vanderbilt argues in the alternative that Plaintiff's claim that Vanderbilt failed to accommodate him and discriminated against him based on his disability should be dismissed for failure to state a claim. Docket No. 20, p. 8.

Plaintiff responded, opposing the motion. Docket No. 21. Plaintiff claims he achieved proper service by mail in February 2025. Docket No. No. 21, p. 1. He attached to his response two return receipts addressed to Vanderbilt's Office of General Counsel that are signed by "Kevin," but with no last name. Docket No. No. 21-1, pp. 20, 23.. He also asserts he successfully effectuated service of process on July 8, 2025. Id. at pp. 1-2. He did not respond to Vanderbilt's argument that his complaint is facially deficient.

Vanderbilt replied, stating the return receipts provided by Plaintiff could not have been-- and were not--signed by an authorized agent for Vanderbilt. Docket No. 22. It submitted the

sworn declaration of Hannah McCann, Associate General Counsel, who attested that there is no date listed on either return receipt; that USPS tracking shows both mailings were delivered on February 15, 2025, a Saturday; that Vanderbilt's Office of General Counsel is closed on Saturdays; and therefore, no one in that office was present to sign for certified mail. Docket No. 22, p. 4. McCann further attested that there is no Vanderbilt employee or authorized agent named "Kevin" who works in its Office of General Counsel. Id. Vanderbilt notes that it did not receive any mail from Plaintiff in February 2025; that it had not seen the return receipts until Plaintiff filed them with his response, and that whoever signed the receipts on February 15, 2025, was not authorized to do so on Vanderbilt's behalf. Id. It argues the July 2025 mailing did not include a return receipt for signature, and therefore service was not effective. Id. at p. 5. Finally, Vanderbilt will not agree to waive service of process.

## II. DISCUSSION

The requirement of proper service of process "is not some mindless technicality." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quotation omitted). If a defendant is not properly served, a federal court lacks jurisdiction over that defendant. *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). In the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication. Id.

The plaintiff bears the burden of executing due diligence in perfecting service of process and showing that proper service was made. *Spencer v. Caracal Int'l*, LLC, 516 F.Supp.3d 755, 758 (M.D. Tenn. 2021). Courts may look to record evidence and uncontroverted affidavits in determining whether plaintiffs have met this burden. *Id.* Courts generally treat Rule 12(b)(4) and (5) as more or less interchangeable. 2 *Moore's Federal Practice* § 12.33[1] (3d. ed. 2003). The burden of proof lies with the party raising a challenge to the sufficiency of service of process. Id.

3

Moreover, a defendant's actual knowledge of a lawsuit is no substitute for proper service of process. *LSJ Investment Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155–56 (6th Cir. 1991).

Service on Vanderbilt, a non-profit corporation, is accomplished pursuant to Rule 4(h), which states that service on such entities may be performed either:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant. . . .

Fed. R. Civ. P. 4(h). The "manner prescribed by Rule 4(e)(1)" means that service in accordance with the state law is also permissible. Fed. R. Civ. P. 4(e)(1) (service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

Tennessee law allows for service by registered return receipt or certified return receipt mail. Tenn. R. Civ. P. 4.04 (10). Effecting service by mail requires more than merely dropping the summons and complaint in the mailbox. *Chicago Title Ins. Co. v. Dewrell Sacks*, LLP, No. 3:08–1083, 2009 WL 5217021 at *5 (M.D. Tenn. Dec. 30, 2009). Unless the summons and complaint are actually received and signed for by the defendant or his authorized agent, service of process by mail delivery is not effective. Id. (citing *Massey v. Hess*, No. 1:05-CV-249, 2006 WL 2370205, at *3 (E.D. Tenn. Aug. 14, 2006).

The record here shows Vanderbilt has not been properly served with process. In response to the court's June 6 order, Plaintiff made two filings. On July 8, 2025, Plaintiff filed a second "return of service." Docket No. 17. It included: (1) the summons; (2) a "proof of service" on which Plaintiff states he sent certified mail to the Office of General Counsel on July 8, 2025; (3) a

4

payment receipt for a certified mailing; and (4) a stamp dated certified mail receipt, showing the mail was sent on July 8, 2025. The "return of service" filing does not include a return receipt signed by any authorized agent for Vanderbilt. Id.

On July 22, 2025, Plaintiff filed another "return of service." Docket No. 18. The filing contained the same documentation as the July 8 filing but replaced the payment receipt and certified mail receipt with a copy of the USPS Tracking information, which states that Plaintiff's item was delivered to the front desk, reception area, or mail room at 10:37 am on July 9, 2025, in Nashville, TN, 37203. Id. The July 22 filing does not include a return receipt signed by any authorized agent for Vanderbilt.

Plaintiff's July 8 and July 22 filings fail to provide a return receipt signed by any authorized agent for Vanderbilt. Because a return receipt signed by a Vanderbilt agent is required for service by mail to be effective, Plaintiff has failed to effectuate service on Vanderbilt by the July 15, 2025 deadline set by the court. Consistent with the court's order, the complaint must be dismissed. Considering this holding, the court need not address Vanderbilt's argument that Plaintiff failed to state a claim.

### III. CONCLUSION

For these reasons, the Court recommends that defendant Vanderbilt's motion to dismiss under Fed.R.Civ.P. 12(b)(4) and (5) (Docket No. 19) should be GRANTED, and Plaintiff's claims against defendant Vanderbilt be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said

objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**
